# FOSTER v HANDLING SYSTEMS ENGINEERING
## Case No. 87-3048
State of Florida, Division of Administrative Hearings
December 4, 1987

### APPEARANCES OF COUNSEL

**Harry L. Lamb, Jr.** for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

MICHAEL M. PARRISH, Hearing Officer.

#### RECOMMENDED ORDER

Pursuant to notice, a formal hearing was conducted in this case on October 27, 1987, at Gainesville, Florida, before Michael M. Parrish, a duly designated Hearing Officer of the Division of Administrative Hearings.

#### INTRODUCTION AND ISSUES

This is a case in which the Petitioner alleges that the Respondent has engaged in an unlawful employment practice within the meaning of Section 760.10(1)(a), Florida Statutes, by engaging in the following

activities: (a) Discharging the Petitioner from her position of employment with Resondent because of Petitioner's race and (b) after discharging the Petitioner,, continuing to seek applications for the position previously held by the Petitioner from similarly qualified or less qualified applicants.

Subsequent to the filing of her petition for relief, the Petitioner filed a motion for default pursuant to Rule 22T-9.008(5)(d), Florida Administrative Code, based upon the Respondent's failure to file an answer to the petition as required by the cited rule. By order dated September 21, 1987, the Respondent was given until October 5, 1987, within which to show cause as to why the relief requested in the motion for default should not be granted. The Respondent failed to respond to the order of September 21, 1987, and on October 7, 1987, an order was issued which included the following language:

1. That pursuant to Rule 22T-9.008(5)(d), Florida Administrative Code, the Respondent is hereby deemed to have admitted all material facts alleged in the petition.

2. That at the final hearing in this case the material facts alleged in the petition will be taken as established without further proof, but both parties will be afforded an opportunity at the final hearing to offer evidence regarding any additional relevant facts.

On the day scheduled for the hearing, the Petitioner and her attorney appeared at the time and place set forth in the Notice of Hearing, but there was no appearance on behalf of the Respondent. Approximately 45 minutes after the scheduled commencement time, the Hearing Officer called the Respondent's offices in Jacksonville and was advised by an employee of Respondent that the Respondent did not intend to have anyone attend the hearing. Shortly thereafter the hearing was convened and the Hearing Officer received evidence offered by the Petitioner. At the conclusion of the presentation of evidence by the Petitioner, the Petitioner requested, and was granted, 15 days within which to file a proposed recommended order. Thereupon the record of the hearing was closed without any appearance having been made on behalf of the Respondent. On November 16, 1987, the Petitioner filed a proposed recommended order containing proposed findings of fact and conclusions of law. Specific rulings on all findings proposed by the Petitioner are contained in the Appendix which is attached to and incorporated into this recommended order.

Following the hearing, the Respondent was advised by letter of its right to file a proposed recommended order, but as of the date of this recommended order the Respondent has not filed any post-hearing document with the Hearing Officer.

 

## FINDINGS OF FACT

1. On October 11, 1985, the Petitioner was referred by Job Finders of Florida, a private job placement service, to apply for a position with the Respondent, Handling Systems Engineering, Inc. The job the Petitioner applied for was Secretary/Dispatcher. The Petitioner met all of the qualifications for the job of Secretary/Dispatcher.

2. The Petitioner was interviewed by Mr. Jim Hart, the manager of the Ocala office of the Respondent. After interviewing the Petitioner, Mr. Hart decided, on the basis of her experience and references, that the Petitioner was the best qualified of several applicants. In this regard, it is noted that the Petitioner's prior employment had required the performance of duties substantially similar to those of the Secretary/Dispatcher position with Respondent. Thereafter, in the afternoon or evening of October 11, 1985, Mr. Hart telephoned the Petitioner, offered her the job, and advised her that she was to report to work on October 14, 1985.

3. On October 14, 1985, the Petitioner reported to work at the Ocala office of the Respondent and immediately began performing the duties of Secretary/Dispatcher. During the work day on October 14, 1985, the Petitioner received a telephone call from Mrs. Lou Mohrman, the managing director of the Respondent. Mrs. Lou Mohrman welcomed the Petitioner to her position of employment and stated that she was pleased with the Petitioner's placement with the company.

4. On October 15, 1985, Mr. L. D. Mohrman, president of Respondent, accompanied by Mrs. Lou Mohrman, managing director, visited the Ocala offices of the Respondent. After engaging in a boisterous conversation with Mr. Hart and visually ascertaining the Petitioner's race, Mrs. Mohrman summarily dismissed Petitioner without articulating a legitimate business reason for the termination. Within the next few days the Respondent listed the Secretary/Dispatcher position as vacant and continued to seek to fill the position with individuals with qualifications similar to or less than the qualifications of the Petitioner.

5. The Petitioner is a black female. She is a person within the meaning of Sections 760.02(5) and 760.10(1), Florida Statutes.

6. The Respondent is an employer within the meaning of Section 760.02(6), Florida Statutes.

7. The dismissal of the Petitioner from her position of employment with the Respondent was motivated by the president and the managing director ascertaining the Petitioner's race. The dismissal of the Petitioner was motivated solely by her race.

**189**

8. The Petitioner's starting salary at the Respondent company was $4.50 per hour for a 40-hour work week. After her termination, the Petitioner sought employment elsewhere and obtained another job in January of 1986, where she worked until November of 1986. In November of 1986 the Petitioner voluntarily left her job in order to finish school. When she began work in January of 1986 the Petitioner was making $3.80 per hour. When she quit in November of 1986 she was making $4.00 per hour.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties to and the subject matter of this case. § 120.57(1), Fla. Stat.

2. Section 760.10(1)(a), Florida Statutes, states that the following is an "unlawful employment practice":

To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

3. Section 760.10(13), Florida Statutes, reads as follows, in pertinent part:

In the event that the commission, in the case of a complaint under subsection (10), . . . finds that an unlawful employment practice has occurred, it shall issue an order prohibiting the practice and providing affirmative relief from the effects of the practice, including reasonable attorney's fees.

4. It is clear from the facts in this case that the Respondent engaged in an unlawful employment practice when it terminated the Petitioner because of her race. Therefore, the Petitioner is entitled to affirmative relief from the effects of that unlawful employment practice.

## RECOMMENDATION

Based on all of the foregoing, it is recommended that the Florida Commission on Human Relations issue a final order to the following effect:

(a) Concluding that the Respondent has engaged in an unlawful employment practice;

(b) Prohibiting the Respondent from terminating any employee on the basis of the employee's race;

(c) Requiring the Respondent to offer reinstatement to the Petitioner

190

under the terms and conditions of employment to which she would be presently entitled if she had been continuously employed, including any raises to which she would have been entitled on the basis of longevity.

(d) Requiring the Respondent to pay back pay to the Petitioner from the date of termination until November of 1986 in an amount equal to the total amount the Petitioner would have earned as a Secretary/Dispatcher during that period, less any amounts actually earned during that period; and

(e) Requiring the Respondent to pay to the Petitioner her reasonable attorney's fees incurred in this case.

DONE AND ENTERED this 4th day of December, 1987, at Tallahassee, Florida.